UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIGUEL ABRIL-PÉREZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 14-1350 (JAF)

(Crim. No. 10-251-26)

**OPINION AND ORDER**

Miguel Abril-Pérez ("Abril-Pérez") comes before the court with a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 10-251-26. (Docket No. 1.) For the following reasons, we deny his motion.

**I.**

**Background**

Abril-Pérez was indicted on July 14, 2010. (Crim No. 10-251-26, Docket No. 3.) On November 26, 2012, he pleaded guilty to conspiracy to possess with intent to distribute at least three and a half (3.5) kilograms but less than five (5) kilograms of cocaine within one thousand feet of public housing facilities, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 860. In his plea agreement, Abril-Pérez stated that he "waives and surrenders the right to appeal the judgment and sentence in this case." (Crim No. 10-251-26, Docket No. 2940 at 7.) (Crim. No. 10-251-26, Docket Nos. 2939, 2940.) Sentencing proceedings were held on March 1, 2013, and Abril-Pérez was sentenced to eighty-seven (87) months imprisonment. (Crim. No.10-251-26, Docket Nos. 2990, 2991.)

Abril-Pérez appealed his sentence. On January 30, 2014, the First Circuit affirmed our judgment and also allowed counsel's motion to withdraw from representation

pursuant to Local Rule 46.6(c)(4), which allows an attorney to withdraw due to "the frivolousness of the appeal." (Appeal No. 13-1408); Rule 46.6(c)(4). On May 2, 2014, Abril-Pérez filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 1.) The government filed a response in opposition on June 13, 2014. (Docket No. 4.)

## II.

## Jurisdiction

Abril-Pérez is currently in federal custody, having been sentenced by this district court. To file a timely motion, Abril-Pérez had one year from the date his judgment became final. 28 U.S.C. § 2255(f). His judgment became final on the last day that he could have filed a petition for a writ of certiorari, which was ninety days after the entry of the court of appeals' judgment. SUP. CT. R. 13(1); Clay v. United States, 537 U.S. 522 (2003). The court of appeals entered judgment on January 30, 2014, and, therefore, Abril-Pérez is well within the one-year time limit to file a § 2255 petition.

## III.

## Analysis

Abril-Pérez argues that we lacked jurisdiction over his case. He also argues that he had ineffective assistance of counsel and that sentencing disparities between defendants violated the equal protection clause. (Docket No. 1.) For the following reasons, we deny all of his claims.

**A.   Jurisdiction**

Abril-Pérez argues that we,

> lacked Exclusive Legislative and Subject Matter Jurisdiction over the Subject Matter and the Petitioner, due to Petitioner being on Privately Owned Property that had not been

>acquired nor purchased by the United States nor had the Governor Ceded Jurisdiction over said Private Property to the United States nor had the United States Accepted Jurisdiction over said property pursuant to Title 40 USC § 255.

(Docket No. 1 at 4) (sic).  He did not raise this issue on appeal because his lawyer filed an "Anders Brief" withdrawing from the case. (Docket No. 1 at 4.) Abril-Pérez relies on Adams v. United States, 319 U.S. 312 (1943), as well as on two cases that are outside of our circuit.  This reliance is misplaced.  Adams was about the narrow issue of whether a rape that occurred at a government military camp could be tried as a federal crime, although the government had not accepted jurisdiction over the camp as was required by statute.  Adams, 319 U.S. 312.  Unlike Adams, Abril-Pérez's case does not involve military property or property over which the government was required to formally accept jurisdiction.

In this case, Abril-Pérez was charged with federal crimes over which the United States District Court has exclusive jurisdiction.  See 18 U.S.C. § 323.  The federal court has jurisdiction to try criminal cases "when the information or indictment alleges a violation of a valid federal law." U.S. v. Saade, 652 F.2d 1126, 1134 (1st Cir. 1981).  In his plea agreement, Abril-Pérez stipulated that he conspired to distribute controlled substances "within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority." (Crim. No. 10-251-26, Docket No. 2940 at 10.)  Specifically, he stipulated that the "object of the conspiracy was to distribute controlled substances at the Virgilio Dávila Public Housing Project, Las Gardenias Public Housing Project, Brisas de Bayamón Public Housing Project, Falín Torrech Public Housing Project, and other areas." (Crim No. 10-251-26, Docket No. 2940 at 10.)  It is illegal under federal law for any person to knowingly or intentionally "manufacture,

distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841 (a)(1). Federal law also punishes any person who "attempts or conspires" to do so. 21 U.S.C. § 846. Finally, federal law mandates a sentence enhancement for anyone who violates section 841(a)(1) "in or on, or within one thousand feet of the real property comprising a […] housing facility owned by a public housing authority." 21 U.S.C. § 860. A United States district court clearly has jurisdiction over a person who has violated federal drug laws. This claim is dismissed.

**B.     Ineffective Assistance of Counsel**

Abril-Pérez argues that there was "Ineffective Assistance of Counsel, for failure to preserve issues for appeal, and failure to raise jurisdictional issue knowing the court was without jurisdiction to entertain this proceeding." (Docket No. 1 at 7.) He argues that "the failure of counsel to investigate the facts and law and to know the court's jurisdiction renders him ineffective as a matter of law." (Docket No. 1 at 6.) To prove a claim of ineffective assistance of counsel, Abril-Pérez must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Wash., 466 U.S. 688, 688-94 (1984). This standard applies in the context of plea agreements as well. Hill v. Lockhart, 474 U.S. 52, 58 (1985). In this case, the argument that we lacked jurisdiction over a drug case was clearly contrary to law, as we have explained above. Therefore, it fails on both prongs of the test for ineffective assistance of counsel. The failure to raise an argument which is contrary to law cannot fall "below an objective standard of reasonableness." Likewise, the result of the proceeding would have been no different if counsel had made

Case 3:14-cv-01350-JAF   Document 6   Filed 06/25/14   Page 5 of 6
Civil No. 14-1350 (JAF)                                                                      -5-

those arguments, because we would have been bound to follow the law and retain jurisdiction. Therefore, we dismiss this claim.

Abril-Pérez also claims under this heading that his plea agreement could not have been knowing and voluntary because the court never had jurisdiction over him. (Docket No. 1 at 6.) We have already explained that the court did, in fact, have jurisdiction over him. Therefore, we dismiss this claim.

Under this heading, Abril-Pérez also argues that, because he was sentenced to a term of eighty-seven months imprisonment, while one codefendant was sentenced to only sixty months, the sentence disparity violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (Docket No. 1 at 7.) However, it is "within the government's discretion to charge similarly situated defendants differently." U.S. v. Rodriguez, 162 F.3d 135, 153 (1st Cir. 1998). This difference is only illegal "when a prosecutor discriminates against defendants based on impermissible criteria such as race or religion," and Abril-Pérez has not alleged such impermissible criteria. Id. Therefore, we dismiss this claim.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While

Abril-Pérez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Abril-Pérez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Abril-Pérez's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Abril-Pérez is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of June, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE